IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NATIONAL ERA SERVICING LLC, | : | CIVIL ACTION NO. |
| | : | 1:15-CV-0977-TWT-JSA |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ALICIA M. CARDWELL-BROWN and | : | |
| *All Other Occupants*, | : | |
| | : | **F I N A L   R E P O R T   A N D** |
| Defendants. | : | **RECOMMENDATION** |

The above-captioned action was originally filed in the Magistrate Court of Rockdale County, Georgia, on or about November 14, 2014. On April 3, 2015, Defendant Alicia Cardwell-Brown, proceeding *pro se*, filed the Notice of Removal seeking to remove this action from the Magistrate Court of Rockdale County to this Court. *See* Notice of Removal [1].

The removal of state court actions to federal court is governed by 28 U.S.C. § 1441, which provides, in relevant part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

When a state court action is removed pursuant to 28 U.S.C. § 1441, the Court must make an independent determination regarding the appropriateness of removal. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Univ. of South. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("removal jurisdiction is no exception to a federal court's obligation to inquire into its own jurisdiction" and remand is mandatory when a court determines that it lacks subject matter jurisdiction, notwithstanding the presence of other motions pending before the court).

As the party removing the action to federal court, the defendant has the burden of establishing federal jurisdiction over the action. *See Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001)*; Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). Moreover, in determining whether a defendant has met that burden of establishing that removal is appropriate under 28 U.S.C. § 1441, federal courts must resolve all doubts against removal:

> Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S. Ct. 868, 872, 85 L.Ed. 1214 (1941). Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (*citing Boyer v.*

> *Snap-on Tools Corp.*, 913 F.2d 108 (3d Cir. 1990); *Coker v. Amoco Oil Co.*, 709 F.2d 1433 (11th Cir. 1983)). A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts.

*University of South. Ala.*, 168 F.3d at 411.

The general test for whether a cause of action arises under federal law and is therefore removable under 28 U.S.C. § 1441 requires that a court look only to the face of the plaintiff's complaint to ascertain whether a claim has been asserted under federal law. *See Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 84 (1989) ("The presence or absence of federal jurisdiction is governed by the 'well-pleaded complaint' rule."). "Under our long standing interpretation of the current statutory scheme, the question of whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharmaceuticals v. Thompson*, 478 U.S. 804, 808 (1986) (*quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983)).

Thus, under the "well-pleaded complaint" rule, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. . . . The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v.*

3

*Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First National Bank*, 299 U.S. 109, 112-113 (1936)). In *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983), the Supreme Court reiterated the principle that removal must be based solely upon the plaintiff's claim against the defendant:

> "Although such allegations show that very likely, in the course of the litigation, a question under the Constitution would arise, they do not show that the suit, that is, the plaintiff's original cause of action, arises under the Constitution." For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case "arises under" federal law. "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."

*Franchise Tax Bd.*, 463 U.S. at 10-11 (emphasis in original) (*quoting Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) and *Gully v. First National Bank*, 299 U.S. 109, 112 (1936)); *see also In re Carter*, 618 F.2d 1093, 1100-01 (5th Cir. 1980) (for purposes of removal on the basis of a federal question, "[t]he federal controversy must be disclosed on the face of the complaint, unaided by the answer or by the petition for removal.").[1]

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

4

Thus, removal is generally proper under 28 U.S.C. § 1441 only if a plaintiff's well-pleaded complaint asserts a federal cause of action against the defendant. The Court must therefore examine Defendant's Notice of Removal [1] to determine whether this action has been properly removed to this Court. In order for removal to be proper, Defendant must demonstrate that the action she seeks to remove is based on diversity jurisdiction, or that the action as pled by the Plaintiff in state court contains one or more claims arising under the Constitution, treaties or laws of the United States. 28 U.S.C. §§ 1441(a), (b), 1331(a), 1332.

In the Notice of Removal [1], Defendant states:

> The proceedings occurring in violation of the Federal Protecting Tenants Act Foreclosure Act Sec. 702, 15 USC 1692(a) and the Fourteenth Amendment of the United States Constitution[.] Pursuant to the provision of section 28 U.S.C. 1446(d) the Magistrate Court of Rockdale County shall not proceed with any judicial proceedings against the Defendant until this case is remanded or so order from the United State [*sic.*] District Court[.]

Notice of Removal [1] at 1. Thus, it appears that Defendant is alleging that this Court has subject matter jurisdiction over this case on the basis of a federal question. The Court has reviewed the record, however, and determines that Defendant has not established federal question jurisdiction because Plaintiff has asserted no federal claims.

5

Instead, Defendant's Notice of Removal indicates that Plaintiff's action in the Magistrate Court of Rockdale County is a dispossessory action to remove Defendant as a tenant after a foreclosure sale. *See* Notice of Removal [1] and attachments. An eviction or dispossessory action is a process governed by state law that does not typically implicate federal law. Defendant has not identified in the Notice of Removal any federal question that Plaintiff's state court eviction action raises. To the extent that Defendant is attempting to remove this action by asserting defenses or counterclaims which invoke federal statutes, that basis of removal is also improper. Under the well-pleaded complaint rule, federal defenses and counterclaims are not sufficient to confer jurisdiction on this Court to hear an action removed from a state court. *See Fed. Land Bank of Columbia v. Cotton*, 410 F. Supp. 169, 170 n.1 (N.D. Ga. 1975) ("defendant's defense and counterclaim relating to truth-in-lending violations are clearly not sufficient to confer subject-matter jurisdiction upon this court for the entire action").

Defendant has not alleged that this Court has diversity jurisdiction over this action. *See* 28 U.S.C. § 1332(a). But even if she had alleged diversity as a basis for jurisdiction, diversity between parties does not provide a basis for removal to federal court if any of the properly-joined defendants is a citizen of the state in which the

action is brought. *See* 28 U.S.C. § 1441(b)(2). Defendant states that she is a resident of Conyers, Georgia, and does not allege citizenship in any other state. *See* Notice of Removal [1] at 2, 3; Civil Cover Sheet [1-2] at 1. Because Defendant is a citizen of the state in which the underlying action was brought, this matter may not be removed on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(2). In addition, this Court may not exercise jurisdiction over diversity actions unless the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Defendant's Notice of Removal [1] omits any allegations in this regard. *See* Notice of Removal [1]. Thus, this action may not be removed on the basis of diversity jurisdiction.

The undersigned thus finds that Defendant has failed to establish that this Court has subject matter jurisdiction over this action. Accordingly, the undersigned **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of Rockdale County.

As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO RECOMMENDED** this 16th day of July, 2015.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE